IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MONICA MOORE,<br><br>    Defendant. | 4:22CR3155<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, United States Attorney and Daniel Packard, Assistant United States Attorney, and defendant, Monica Moore, and Korey Reiman, counsel for defendant, as follows:

I

**THE PLEA**

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count 1 of the Indictment. Count I charges a violation of Title 18, United States Code, Section 922(a)(6) and 924(a)(2), false statement during purchase of firearms. Defendant agrees to forfeit to the United States of America any ownership interest she might have in any property, including firearms, seized by law enforcement agents in this case. The property to be forfeited includes, but is not limited to, the seven firearms purchased by Defendant between June 4, 2022, and October 11, 2022.

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees to dismiss Count II at the time of sentencing. The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for firearms crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II
## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.  Defendant knowingly made a representation in a Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473; and

2.  the Defendant made the representation to a federally licensed firearms dealer; and

3.  the representation was false; and

4.  the Defendant knew the representation was untrue when she made the representation.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1.  That on or about 10/10/22 LPD officers responded to a shooting in a Lincoln neighborhood at 9:30 pm. Ten shell casings were recovered from the scene and found to match test fired casings from a Glock 36 Defendant purchased on 10/8/22 at AAA Pawn in Lincoln.

2.  On 10/12/22 LPD officers responded a different Lincoln neighborhood on a shooting at 5:30 pm. At the scene officers recovered shell casings and observed bullet damage to a car. Video surveillance captured the shooting – the shooter and the SUV he arrived in. Casings recovered from the scene were found to match test fired casings from the same Glock 36 referenced above that Moore purchased on 10/8/22 at AAA Pawn.

3.  On 10/13/2022, investigators conducted follow up in the shootings. Moore's significant other was developed as a suspect. He was a prohibited person as a result of a felony conviction. He was arrested and admitted to the shooting and telling Defendant about it. During the investigation, police learned that the Defendant had purchased at least seven firearms from federally licensed firearms dealers in the Lincoln area between June 4, 2022, and October 11, 2022. During each purchase, Defendant had to fill out ATF Form 4473, on which she represented that she was the actual buyer of the firearm.

2

4. An employee of DE Guns, where Defendant made five purchases, reported that he shut down a sale to Moore on 10/8/22 because he thought it was a straw purchase – Moore was with two other unknown males, one of whom caused a disturbance and had to be escorted out – and the manager believed she was attempting to straw purchase a firearm for them. The employee remembered that during one of the gun purchases, Moore walked out of the store with a male and immediately handed him the sack containing the firearm. Based on ATF Form 4473, Moore purchased a Glock 36 handgun at AAA Pawn the same day she was denied sale at DE Guns. Police later learned that it was this Glock 36 that was used in the 10/10 and 10/12 shootings as described above. Moore obtained firearms purchase permit on 9/20/22.

5. Defendant's significant other's cell phone was searched by police. It contained evidence showing his possession of many of the firearms defendant purchased on the same day or within days of defendant's purchase of the firearms.

6. Defendant was interviewed and admitted to buying the Glock 36 on 10/8/22 from AAA Pawn. She denied being involved in any shootings. She claimed that several of the firearms she had bought had gone missing, and that she had just realized this within the last few days and wasn't aware of how to go about reporting them missing. She had no explanation for the missing firearms, besides stating one might be with her mother in Stanton, NE, which her mother denied when interviewed. When asked about the Glock 36 that she purchased at the pawn shop on 10/8, and which was later identified as the gun used in the 10/12 shooting, she said it should be in a closet at her aunt's Lincoln apartment. Defendant admitted that she knew her significant other could not possess firearms. Defendant admitted he was interested in her firearms but told her that he was unable to possess them.

7. Investigators obtained video surveillance showing defendant's purchase of the Glock 36 on 10/8/22 at AAA Pawn. In the video, defendant is observed making the purchase and her significant other can be seen entering the store toward the end of the transaction and speaking with defendant.

8. On 10/13/2022, investigators went to Defendant's Lincoln residence where they located the Glock 36 firearm hidden underneath a bathroom sink. No other firearms were located.

9. DE Guns and AAA Pawn were Federally Licensed Firearms dealers (FFL) at the time defendant purchased the firearms.

10. An agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) examined 1) the Glock 36 Moore purchased on 10/8 at AAA Pawn; and 2) a .22 caliber rifle Moore purchased on 8/19/22, pawned on 10/3/22, and seized by LPD at the pawn shop on 10/19/22 after noticing photos in Debose's phone showing him holding the rifle. He opined that both are "firearms" under federal law and both were manufactured outside of Nebraska.

11. Defendant provided false information to FFLs when she purchased one or more of these aforementioned firearms by answering 'yes' to the question on ATF Form 4473 of whether she was the actual buyer of the firearm.

12. All of the foregoing events occurred in the District of Nebraska.

### III
### PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 10 years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

### IV
### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

### V
### SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

1. If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

2. The parties agree that the defendant should be held responsible, beyond a reasonable doubt, for at least 3, but not more than 7 firearms, pursuant to U.S.S.G. § 2K2.1(b)(1).

3. The parties agree that the defendant engaged in the trafficking of firearms pursuant to U.S.S.G. § 2K2.1(b)(5), and agree that Count II, Conspiracy to Traffic Firearms, is relevant conduct to Count I.

B. ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C. ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such

5

downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.    CRIMINAL HISTORY.

The parties have no agreement concerning the defendant=s Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. ' 4B1.1(b).

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

F.    RECOMMENDATION REGARDING CUSTODY.

The United States will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the United States pursuant to this agreement.

G.    STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

      (a) As provided in Section I above, (if this is a conditional guilty plea); and

  (b) A claim of ineffective assistance of counsel.

  (c) A right to file a motion under Section 3582(c)(1)(A);

   1. the general right to file a compassionate release motion;

   2. the right to file a second or successive such motion; or

   3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

  (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

  (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
### SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX
### MODIFICATION OF AGREEMENT MUST BE IN WRITING

8

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
United States Attorney

3/20/23
Date

*Daniel Packard* (Digitally signed by DANIEL PACKARD Date: 2023.03.20 09:54:52 -05'00')
DAN PACKARD
ASSISTANT U.S. ATTORNEY

3/20/23
Date

MONICA MOORE
DEFENDANT

3/21/23
Date

KOREY REIMAN
ATTORNEY FOR DEFENDANT

9